IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR,<br><br>   Petitioner,<br><br> v.<br><br>ROBERT L. AYERS, et al.,<br><br>   Respondents.<br>_____ | No. C 07-3044 MMC (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 2)** |

   On June 12, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging both his 2004 state court conviction and his 2007 revocation of parole. He has applied for leave to proceed in forma pauperis.

   In March 2004, in San Mateo County Superior Court, petitioner was convicted of fraud under California Penal Code § 532(a), and sentenced to a term of three years in state prison. Following his release on parole, he was found by the California Board of Prison Hearings ("BPH"), on February 21, 2007, to be in violation thereof and was returned to prison for a term of one year and placed on parole for one additional year. Petitioner states he appealed his 2004 conviction and sentence to the California Court of Appeal, which reversed in part and affirmed in part, and that a subsequent petition for direct review to the California Supreme Court was denied. (See Pet. at 3; see also at 4-5.) He further states that he filed an "appeal/post-conviction relief" in the Santa Clara County Superior Court in 2004, which was denied. (See id. at 4.) Finally, he states that at the time he filed the instant federal

habeas petition, he had a petition, appeal, or other post-conviction proceeding pending in both the Court of Appeal and the Santa Clara County Superior Court.  (See id. at 5.)

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague, conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court.  See 28 U.S.C. § 2254(b)-(c); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).  If a post-conviction challenge to a criminal conviction is pending in state court, a potential federal habeas petitioner must await the outcome of that challenge before his state remedies are considered exhausted.  See id.  This rule applies irrespective of whether the issue raised in the pending state petition is included in the federal petition, for the reason that a pending state court challenge may result in a reversal of the petitioner's conviction, thereby mooting the federal petition.  See id. (citations omitted).

As petitioner has a petition, appeal or other post-conviction proceeding pending in the California Court of Appeal and Santa Clara County Superior Court, the instant petition for a writ of habeas corpus is hereby DISMISSED, without prejudice to petitioner's refiling his claims after all state court post-conviction challenges to petitioner's conviction have been completed and all claims petitioner wishes to raise in federal court have been exhausted in accordance with 28 U.S.C. § 2254(b)-(c).  See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

1   In light of petitioner's lack of funds, the application to proceed in forma pauperis is
2   hereby GRANTED.
3   This order terminates Docket No. 2.
4   The Clerk shall close the file.
5   IT IS SO ORDERED.
6   DATED: June 20, 2007

_____
MAXINE M. CHESNEY
United States District Judge